# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 20, 2014

## STATE OF TENNESSEE v. AMANDA HOPE McGILL

**Appeal from the Circuit Court for Sullivan County**
**Nos. S59,518 & S59,479    R. Jerry Beck, Judge**

---

**No. E2013-02069-CCA-R3-CD - Filed June 20, 2014**

---

The Defendant, Amanda Hope McGill, appeals as of right from the Sullivan County Circuit Court's judgment concluding that it did not have jurisdiction over her motion to modify her sentence.  Because the Defendant filed her motion well past the 120-day time limit imposed by Tennessee Rule of Criminal Procedure 35, and because the Defendant was housed in a facility under contract with the Tennessee Department of Correction, we agree with the trial court that it lacked jurisdiction to entertain the Defendant's request for concurrent sentencing or placement in the Community Corrections Program.  Therefore, the judgment is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and JEFFREY S. BIVINS, JJ., joined.

C. Brad Sproles, Kingsport, Tennessee, for the appellant, Amanda Hope McGill.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; Barry P. Staubus, District Attorney General; and Joshua D. Parsons, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
## FACTUAL BACKGROUND]

On May 9, 2012, the Defendant pled guilty as charged in Sullivan County Case Numbers S59,513 and S59,479, resulting in her convictions for six counts of forgery, a Class E felony; two counts of theft of property valued over $500, a Class E felony; and five counts of identity theft, a Class D felony.  See Tenn. Code Ann. §§ 39-14-103, -105, -114, -150.  Pursuant to the terms of the agreement, she received a sentence of six years for each Class E felony and twelve years for each Class D felony; all sentences were to be served

concurrently in the Tennessee Department of Correction (TDOC) as a Range III, persistent offender with forty-five percent release eligibility. The agreement further specifically provided that this effective twelve-year sentence was to be served consecutively to the Defendant's "[c]urrent TDOC sentences (Hamblen Co. 10CR571; Hawkins Co. 10CR447-9, 10CR496-501)." The agreement was accepted by the trial court, and judgments of conviction were filed on May 16, 2012.[1]

Over a year later, on July 29, 2013, the Defendant, with the assistance of counsel, filed a "Motion to Reconsider/Modify Sentence," asking the trial court to "modify[] her sentence in the aforementioned cases so that it runs concurrently with her previous sentence entered by the Criminal Court for Hawkins County." In support of this motion, the Defendant argued,

> [T]hese sentences should have been run concurrently in the first place, as [the Defendant] was not released on bond between the offenses, the dates of offense for all crimes was the same (or within a very limited time period), the offenses were not violent crimes, and the statutory preference is for concurrent sentences. Further, . . . although the offenses in both jurisdictions occurred at approximately the same time, she was sentenced in the Third District before she was transported to Sullivan County in order to address the instant charges. She was represented by the respective Public Defenders['] offices in each jurisdiction, independently of each other.

The Defendant also "pray[ed] for any further relief" deemed appropriate. In the motion, it was noted that the Defendant, at all relevant times, had been housed "at the work camp at the Johnson City Women's Facility." The TDOC had contracted with Johnson City to house certain prisoners receiving TDOC sentences.[2]

Following a hearing, the trial court denied the Defendant's motion. This timely appeal followed.

The trial court treated the Defendant's motion as one seeking a reduction of sentence pursuant to Tennessee Rule of Criminal Procedure 35. Rule 35 provides as follows:

---

[1] No transcript of the guilty plea hearing is included in the appellate record.

[2] It appears that, during the pendency of this appeal, the Defendant was transferred to a TDOC facility in Memphis.

Timing of Motion.  The trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked.  No extensions shall be allowed on the time limitation.  No other actions toll the running of this time limitation.

Tenn. R. Crim. P. 35(a).  The trial court determined that, because the motion was filed well past the 120-day deadline, it lacked jurisdiction to entertain such a motion.

Normally, a defendant may only file a motion such as this one for 120 days after the judgment becomes final.  See Tenn. R. Crim. P. 35(a).  However, when a defendant remains incarcerated in a local jail, that defendant may move the trial court for alteration of his or her sentence beyond the 120-day time limit.  See Tenn. Code Ann. §§ 40-35-306, -307, -311, -312, -314; State v. Malcolm Collins Lewis, No. M2007-00610 -CCA-R3-CD, 2008 WL 1891438, at *1-4 (Tenn. Crim. App. Apr. 29, 2008).

It appears that the Defendant was originally housed in the Sullivan County Jail and was then transferred to the Johnson City facility, a facility that was under contract with the TDOC to house certain TDOC inmates.[3]  The Defendant argues that section 40-35-212(d) allows the trial court to consider the motion, akin to a petition for early release, because the Defendant was incarcerated in the Johnson City facility, which is a local jail not a TDOC facility according to the Defendant.

Tennessee Code Annotated section 40-35-212 provides, in pertinent part, as follows:

(c) Unless the defendant receives a sentence in the department, the court shall retain full jurisdiction over the manner of the defendant's sentence service.
(d)(1) Notwithstanding the provisions of subsection (c), the court shall retain full jurisdiction over a defendant sentenced to the department during the time the defendant is being housed in a local jail or workhouse awaiting

---

[3] Tennessee Code Annotated section § 4-3-603(b) permits the commissioner to engage in such a practice:

In addition to any other duties provided by law, when it appears to the commissioner, in the commissioner's sole discretion, that the available facilities and institutions of the department that are designed for the custody of inmates are overcrowded, the commissioner shall endeavor to alleviate such overcrowded conditions by contracting with local governmental entities, when possible, for the care, custody, and control in local jails, workhouses, penal farms or other such facilities, of inmates who have been committed to the department, or by any other means permitted by law.

transfer to the department.  The jurisdiction shall continue until the defendant
is actually transferred to the physical custody of the department.

(Emphasis added).

We conclude that the Defendant in this case was transferred to the physical custody
of the TDOC upon her transfer to serve her TDOC sentence in the Johnson City facility.
Upon her transfer to the Johnson City facility, the Defendant was incarcerated in Washington
County.[4]  Once there, she was in a facility under contract to house TDOC inmates, and it
does not appear from the record that she was awaiting any further transfer at that time.
Moreover, regardless of the fact that her daily care and supervision was provided by the
Johnson County facility, two important facts remain:  first, Sullivan County no longer had
custody of the Defendant; and two, the TDOC had the authority to decide when the
Defendant was to be released from confinement.  The TDOC, not the trial court, is in the best
position under these circumstances, to determine if the Defendant is eligible for an alternative
sentence.  This conclusion also promotes uniformity with laws governing private facilities
under contract with the TDOC.  See Tenn. Code Ann. § 41-24-110 (under the Private Prison
Contracting Act of 1986, a contract for correctional services may not delegate certain duties
of the TDOC Commissioner to a prison contractor).

Moreover, section 40-35-212 does not provide the Defendant an avenue to address the
propriety of the consecutive nature of her sentences entered pursuant to a guilty plea.
Following the Defendant's transfer to the Johnson City facility, and the expiration of the 120-
day period of Rule 35, we agree with the trial court that it no longer had jurisdiction to
entertain any request by the Defendant for an alternative sentence.  Accordingly, the
judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

---

[4]  We take judicial notice of the fact that the Johnson City facility is located in Washington County.